UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
SUBI MEHMETI,

                Plaintiff,              **MEMORANDUM & ORDER**
                                        21-CV-5993 (WFK)(LB)
          v.

JOFAZ TRANSPORTATION, INC.,
AMBROSE WATER WOTORSON, and
STEWART LEE KARLIN,

                Defendants.
------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

        Subi Mehmeti ("Plaintiff"), proceeding *pro se*, filed the above-captioned Complaint on October 28, 2021. Plaintiff paid the filing fee to commence this action. The Complaint names Plaintiff's former employer, Jofaz Transportation, Inc. ("Jofaz"), and two private attorneys who represented Plaintiff in some of his prior litigation against Jofaz. The Complaint alleges claims related to the termination of Plaintiff's employment in 2012—claims Plaintiff previously raised in five prior actions in this Court. As Plaintiff's previous lawsuits alleging the same facts and legal claims were dismissed, the instant action is dismissed under the doctrines of *res judicata* and collateral estoppel.

        Over the course of nine years and now six civil actions in this Court, Plaintiff has alleged that his termination on October 3, 2012 violated his rights under the Family and Medical Leave Act ("FMLA"). *See Mehmeti v. Jofaz Transp., Inc.*, 2-CV-5880, 2015 WL 2453499 (E.D.N.Y. May 22, 2015) (Glasser, J.) (dismissing plaintiff's FMLA claims), *aff'd*, 649 F. App'x 112 (2d Cir. 2016) (summary order); *Mehmeti v. Jofaz Transportation, Inc.*, 16-CV-7085, 2017 WL 396670 (E.D.N.Y. Jan. 25, 2017) (Kuntz, J.), *amended complaint dismissed*, 2017 WL 908192 (E.D.N.Y. Mar. 7, 2017) (Kuntz, J.) (dismissing plaintiff's claims under Title I of the Americans

with Disabilities Act), *appeal dismissed*, 17-CV-721 (2d Cir. Jun. 5, 2017) (Issued as Mandate, July 26, 2017), *cert. denied*, 138 S. Ct. 503 (2017); *Mehmeti v. Jofaz Transportation, Inc.*, 18-CV-326, 2018 WL 11337341 (E.D.N.Y. Feb. 9, 2018) (Kuntz, J.) (dismissing the complaint under the doctrines of collateral estoppel and *res judicata*), *appeal dismissed*, 18-CV-477, 2018 WL 11337455 (2d Cir. May 24, 2018), *cert. denied*, 139 S. Ct. 327 (2018); *Mehmeti v. Jofaz Transportation, Inc.*, 19-CV-263, Slip op. (E.D.N.Y. Feb. 9, 2018) (Kuntz, J.) (same); *Mehmeti v. Jofaz Transportation, Inc.*, 19-CV-4692, 2019 WL 3997462 (E.D.N.Y. Aug. 22, 2019) (Kuntz, J.) (same).

Plaintiff also filed a lawsuit in the United States District Court for the Southern District of New York alleging that his former attorneys, Ambrose Water Wotorson and Stewart Lee Karlin, "caused documents to disappear from his court file and committed crimes in the course of their representation of him as his attorneys" and asking the S.D.N.Y. "to investigate and try' these 'crimes committed in the Eastern District of New York.'" *Mehmeti v. Wotorson*, 20-CV-5352, 2020 WL 4273812, at *2 (S.D.N.Y. July 23, 2020) (Swain, J.) (dismissing for lack of subject matter jurisdiction).

The instant Complaint renews Plaintiff's claims related to his 2012 termination and also names as defendants the two private attorneys who represented him in his first action against Jofaz. Plaintiff alleges that Wotorson and Karlin deceived him and "committed a premeditated crime . . . in the removal, disappearance (from the file, in the case for trial) 134 sheets of medical records of the Hospital." Compl. at 5. Plaintiff requests "Justice, an investigation, a Trial Based on Federal Laws" and "a judgment, for Constitutional rights, on the economic damage they have caused me, as well as the consequences of irreplaceable health damages." *Id*.

This Complaint, too, must be dismissed. Collateral estoppel and *res judicata* "protect

parties from having to relitigate identical claims or issues and . . . promote judicial economy." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998). "Collateral estoppel bars a party from raising a specific factual or legal issue in a second action when the party had a full and fair opportunity to litigate the issue in a prior proceeding." *Id*. Res judicata bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999).

The instant Complaint includes voluminous medical records, but the underlying factual allegations and FMLA claim against Jofaz are the same claims that were previously raised and dismissed in Plaintiff's prior lawsuits in this Court. Plaintiff's claims against Wotorson and Karlin are the same as the claims raised and dismissed in the S.D.N.Y. litigation. Accordingly, all of Plaintiff's claims in this current litigation are precluded by *res judicata* and collateral estoppel.

Plaintiff has wasted enough of the Courts' time. The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted). "If a litigant has a history of

filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations and citations omitted). "The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). Accordingly, Plaintiff is warned that if he continues to file lawsuits related to his 2012 termination of employment and related litigation, the Court may impose limitations on his ability to file future complaints.

## CONCLUSION

The Complaint is dismissed under the doctrines of *res judicata* and collateral estoppel. Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/ WFK

_____
HON. WILLAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 3, 2021
      Brooklyn, New York